# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BUDEIA V. BASS,
               Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency.

DOCKET NUMBER
NY-0845-17-0098-I-1

DATE: June 8, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Budeia V. Bass</u>, New York, New York, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that she had been overpaid in disability retirement benefits and that collection of the overpayment would not be waived. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision as to the existence and amount of the overpayment and the waiver issue. However, for the reasons discussed below, we REMAND the case to the field office for further adjudication concerning the collection schedule.

## BACKGROUND

¶2      On February 2, 2017, OPM issued a final decision notifying the appellant that she had received a Federal Employees' Retirement System (FERS) disability retirement annuity overpayment, which OPM intended to collect. IAF, Tab 7 at 9-12. Specifically, OPM found that the appellant began receiving her FERS disability retirement annuity effective August 16, 2007, and became entitled to Social Security Disability Insurance benefits effective December 1, 2007, on which date the FERS annuity should have been reduced by a statutorily required amount. *Id*. at 9. However, OPM did not reduce the FERS annuity until September 1, 2013, and as a result, it had overpaid the appellant a total of $67,425.00 in FERS disability retirement annuity. *Id*. at 9-10. OPM notified the appellant that it intended to collect the overpayment in 71 monthly installments of $142.99 and a final installment of $76.71. *Id*. at 12.

¶3     The appellant appealed OPM's final decision to the Board, alleging that she did not know that she was receiving an overpayment and seeking a waiver of recovery based on OPM's 81-month delay in reducing her annuity. IAF, Tabs 1, 5. She waived her right to a hearing. IAF, Tab 1 at 1.

¶4     After the record closed, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 10, Initial Decision (ID). She found that OPM proved the existence and amount of the overpayment and that the appellant did not prove entitlement to waiver of recovery of the debt. ID at 3-5. She further found that OPM notified the appellant of her obligation to set aside any monies received from the Social Security Administration. ID at 4. The administrative judge also found that, while the appellant's medical conditions rendered her incapable of continuing in the workforce, the appellant did not demonstrate that her medical conditions were so severe that she was unable to understand OPM's guidance. *Id.* Therefore, the appellant knew or should have known that she was receiving erroneous payments from OPM and that she was obligated to return that money to OPM. *Id.* Thus, the administrative judge concluded that the appellant should have set aside the Social Security payments and she was not eligible for waiver of collection of the overpayment. ID at 5.

¶5     The appellant has petitioned for review, asserting that the administrative judge erred in finding that she did not challenge the amount of the overpayment. Petition for Review (PFR) File, Tab 1 at 1. She also contends that the administrative judge improperly found that she notified OPM that she received Social Security benefits. *Id.* Additionally, the appellant contends that her medical documentation was disregarded. *Id.* OPM has not responded to the petition.

## ANALYSIS

¶6     OPM bears the burden of proving by preponderant evidence the existence and amount of an annuity overpayment. *Vojas v. Office of Personnel*

*Management*, [115 M.S.P.R. 502](), ¶ 10 (2011); [5 C.F.R. §§ 845.307](a), 1201.56(b)(1)(ii). We agree with the administrative judge that OPM satisfied its burden in this case. ID at 3. As noted, the appellant asserts that the administrative judge erred in finding that she did not challenge the amount of the overpayment; according to the appellant, she did so by requesting her disability retirement record. PFR File, Tab 1. However, regardless of whether the appellant was attempting to challenge the amount of the overpayment, the disability retirement record that the appellant was seeking was submitted by OPM and is part of the record in this appeal. IAF, Tab 7 at 26-33. The appellant has not demonstrated any error in that disability retirement record.

¶7    Recovery of an overpayment in FERS disability retirement benefits will be waived when the annuitant is without fault and recovery would be against equity and good conscience. [5 U.S.C. § 8470](b); [5 C.F.R. § 845.301](); *see Spinella v. Office of Personnel Management*, [109 M.S.P.R. 185](), ¶ 6 (2008). Generally, recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment she relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. [5 C.F.R. § 845.303](); *see Spinella*, [109 M.S.P.R. 185](), ¶ 6. The unconscionability standard is a high one and the Board will waive recovery of an annuity overpayment based on unconscionability under only exceptional circumstances. *Spinella*, [109 M.S.P.R. 185](), ¶ 7. In considering whether an appellant has established unconscionability, the Board will consider all relevant factors under a "totality-of-the-circumstances" approach. *Vojas*, [115 M.S.P.R. 502](), ¶ 22. Those circumstances may include, as relevant here, circumstances in which the annuitant's personal limitations, including lack of education, physical or mental disability, or other factors that would make recovery of the payment manifestly unfair. *King v. Office of Personnel Management*, [114 M.S.P.R. 181](), ¶ 20 (2010).

¶8        We agree with the administrative judge that the appellant did not prove that she has such personal limitations that would make recovery of the overpayment manifestly unfair.  ID at 4.  Contrary to the appellant's contention in her petition for review, the administrative judge considered her medical conditions.  *Id.*; PFR File, Tab 1.  We agree with the administrative judge that, although the appellant's medical conditions rendered her incapable of continuing in the workforce, the evidence does not show that that her physical or mental conditions were so severe that she was unable to understand OPM's guidance.   Thus, the appellant's conditions do not provide a basis to waive collection of the overpayment.  ID at 4. The administrative judge's failure to specifically mention all of the medical evidence of record does not mean that she did not consider it in reaching her decision.    *See Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶9        OPM's Policy Guidelines provide that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that, absent exceptional circumstances, recovery in these cases is not against equity and good conscience.  IAF, Tab 7 at 80, 91 (Policy Guidelines of the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System § I.C.4); *see Wright v. Office of Personnel Management*, 105 M.S.P.R. 419, ¶ 4 (2007).  This is known as the "set aside rule."

¶10        We agree with the administrative judge that the appellant in this case was subject to the set aside rule, and that OPM notified her of the obligation to set aside monies received from the Social Security Administration that constituted duplicate payments.  ID at 4; IAF, Tab 7 at 46.  Additionally, OPM submitted a copy of the Social Security Administration's notice to the appellant that she was entitled to a monthly disability benefit.  IAF, Tab 7 at 39.  It appears that the appellant submitted this notice to OPM and her assertion in her petition for review that she did not notify OPM that she had received Social Security

disability benefits is unavailing. *Id.* at 38. In sum, the administrative judge properly found that the appellant was subject to the set aside rule and thus, she was not entitled to waiver of collection of the overpayment.

¶11    Nevertheless, an annuitant who is ineligible for waiver of recovery of an overpayment may be entitled to an adjustment in the recovery schedule if she shows, based on the information submitted on OPM's Financial Resources Questionnaire (FRQ), that the collection schedule would cause her financial hardship. *Malone v. Office of Personnel Management*, 113 M.S.P.R. 104, ¶ 4 (2010); 5 C.F.R. § 845.301. Although this pro se appellant has not explicitly contested the repayment schedule on petition for review, in her final submission below, received after the record closed, she submitted a copy of an FRQ, dated October 25, 2016. IAF, Tab 12.[2] The appellant asserted that she had submitted the FRQ to OPM with her reconsideration request, but that OPM had failed to consider this information in formulating the collection schedule. IAF, Tab 7 at 12, Tab 12 at 7-15. The appellant included evidence that the FRQ had been sent to OPM by certified mail on October 26, 2016. IAF, Tab 12 at 15.

¶12    Based on the 2016 FRQ, it appears that the appellant may be unable to make repayments as scheduled by OPM without financial hardship. Considering her attempt to have OPM consider the FRQ and then, albeit in an untimely submission, to provide it below, we find it appropriate to consider whether an adjustment of the recovery schedule is warranted. Because more than 6 years have passed since the appellant completed the FRQ, it is likely that her financial situation has changed, and she should be afforded an opportunity to file additional evidence and argument addressing the issue, including an updated FRQ. Thus, we remand this appeal to the administrative judge for further adjudication of this issue.

---

[2] The appellant's final filing was received in the New York Field Office on May 26, 2017, one day after the administrative judge issued the initial decision and 4 days after the date the record closed. IAF, Tab 12.

¶13     As explained above, the existence and the amount of the overpayment are not at issue.  Nor is the appellant entitled to a waiver of the collection.  The sole issue for adjudication on remand will be the collection schedule.[3]

## ORDER

¶14     For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                              /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

---

[3] The appellant is notified that OPM has advised the Board that it may seek recovery from an annuitant's estate or other responsible party of any debt remaining upon his or her death.  A party responsible for any debt remaining upon an annuitant's death may include an heir (spouse, child, or other) who derives a benefit from the annuitant's Federal benefits, an heir or other person acting as the representative of his or her estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distribute[r]s of the annuitant's estate.  *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).